IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES THOMPSON,                          :
                                         :
        Petitioner                       :
                                         :
    v.                                   :   CIVIL NO. 4:CV-13-2589
                                         :
DOMINICK L. DEROSE.,                     :   (Judge Brann)
                                         :
        Respondent                       :

## MEMORANDUM

October 21, 2013

**Background**

This pro se petition for writ of habeas corpus under 28 U.S.C.§ 2241 was filed by James Thompson a pre-trial detainee presently confined in the Dauphin County Prison, Harrisburg, Pennsylvania. The Petition is accompanied by a request for leave to proceed in forma pauperis. For the reasons set forth below, Thompson' petition will be dismissed as meritless.

Named as Respondent is Warden Dominick L. DeRose of the Dauphin County Prison. Thompson's action challenges the legality of his ongoing federal criminal prosecution in this district before the Honorable William W. Caldwell. See United States v. Thompson, Case No. 1:12-CR-194.

Petitioner generally asserts that there was insufficient evidence to support his federal criminal indictment. He adds that the indictment is defective in that it is

1

based upon hearsay evidence. The Petitioner also asserts that he has been improperly denied bail by the Pennsylvania state courts with respect to related state criminal charges due to the imposition of a federal detainer.[1] As relief, Thompson seeks dismissal of the federal indictment and his release from custody.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

Petitioner acknowledges that he has not yet been convicted or even tried of the federal criminal offenses/indictment underlying this action. The Court of Appeals

---

1. A review of the docket from Petitioner's federal criminal prosecution indicates that on December 11, 2012, he was ordered to be detained pending trial.
    Jury selection and trial in Thompson's federal criminal case are presently scheduled for February 3, 2014.

2

for the Third Circuit has stated "that simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship." Stolt-Nielsen, S.A. v. United States, 442 F.3d 177, 184 (3d Cir. 2006) (internal citation omitted). In Stolt-Nielsen, the Court of Appeals refused to grant an injunction against an anticipated indictment. The Third Circuit Court of Appeals observed:

> the adversary system "afford[s] defendants, after indictment, a federal forum in which to assert their defenses-including those based on the Constitution. Because these defendants are already guaranteed access to a federal court, it is not surprising that subjects of federal investigation have never gained injunctive relief against federal prosecutors."

Id. at 185 (quoting Deaver v. Seymour, 822 F.2d 66, 69-70 (D.C. Cir. 1987). Moreover, a "'suit in equity does not lie where there is a plain, adequate and complete remedy at law . . . [that is] as complete, practical and efficient as that which equity could afford.'" Id. at 187 (quoting Terrace v. Thompson, 263 U.S. 197, 214 (1923)). Here, Thompson has a plain, adequate and complete remedy at law by asserting his objections to the legality of his indictment and the order directing pre-trial detention in his ongoing federal criminal proceedings.

Furthermore, even if convicted of the pending federal charges, Petitioner's remedy would be to pursue a direct appeal, and if not successful therein, to then seek collateral relief under 28 U.S.C. § 2255. It is simply not appropriate at this juncture for the Petitioner to challenge the legality of his ongoing federal criminal prosecution via a federal habeas corpus petition before this Court. There is nothing to suggest that

3

Thompson cannot litigate the merits of his present allegations in his ongoing federal prosecution, or thereafter before the Court of Appeals.[2] Accordingly, since intervention by this Court is not appropriate, Thompson's petition for writ of habeas corpus will be denied as meritless. See Sedlak v. United States, 2009 WL 4327563 *2 (M. D. Pa. Nov. 30, 2009)(Jones, J.). An appropriate Order will enter.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge

---

2. It is noted that unlike his present action, Petitioner is represented by counsel in his federal criminal prosecution.